IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

VINCE VALENTINO, Individually and on behalf of all others similarly situated;

Plaintiff,

v.

KPMG, LLP, DARREN M. BENNETT, and JOHN J. AESOPH,

Defendants.

**8:13CV22**

**MEMORANDUM AND ORDER**

This matter is before the court on the defendants' motion to dismiss, Filing No. 26.[1] This is a purported class action for securities fraud under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, that involves the failure of TierOne Bank.[2]

The plaintiff, a former shareholder of TierOne stock, has been certified as lead plaintiff in this purported class action and the Rosen Law Firm has been certified as lead counsel. Filing No. 24, Order. The defendants are the accounting firm that audited TierOne's financials for fiscal year 2008 and the auditors who participated in the audit engagement in 2008. In his complaint, the plaintiff alleges, on behalf of himself and

---

[1] Also pending is defendants' motion for oral argument. Filing No. 34. The court finds oral argument is not necessary and the motion will be denied.

[2] The court is familiar with litigation involving the demise of TierOne. The SEC filed enforcement actions against TierOne's former executives, officers or directors for securities fraud and reporting violations. *See SEC v. Lundstrom,* No. 8:12CV343 (D. Neb.); *SEC* v. *Langford*, No. 8:12CV344 (D. Neb.). The parties in *Lundstrom* entered into consent judgments. *See Lundstrom,* No. 8:12CV343, Filing Nos. 10, 14, and 15. The Langford action is still pending. Also, ERISA class action suits for breach of fiduciary duty were filed by beneficiaries of TierOne's Employee Stock Ownership and 401K Plans against the fiduciaries of those Plans. *See Bredthauer v. Lundstrom,* No. 4:10CV3132 (D. Neb.); *Laird v. Lundstrom,* No. 4:10CV3139 (D. Neb.); and *Barker v. Baird,* 8:10CV326 (D. Neb.) Those actions have also settled. *See, e.g.,* Filing No. 209 in *Lundstrom*, No 4:10CV3139. Also pending in this district is an action filed by the Chapter 7 Trustee of the Bankruptcy Estate of TierOne Corporation against KPMG and former TierOne officers in this court which was stayed until January 30, 2014, pending settlement negotiations, and currently remains pending. *See Lange v. KPMG, et al.*, 4:12CV3148 (D. Neb.).

others similarly situated, that TierOne's auditor, KPMG LLP ("KPMG"), contributed to the Bank's failure by issuing a "clean" audit opinion for the fiscal year that ended December 31, 2008, falsely stating that the audit of year-end results and internal controls had been performed in accordance with applicable professional standards. See Filing No. 25, Amended Complaint at 2. He alleges the defendants violated 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder. *Id.*

The defendants first contend the plaintiff's action is barred by the Settlement and Release approved by this court in the consolidated cases of *David G. Ray v. Lundstrom, et al.*, No. 8:10CV199, *Stejskal v. Lundstrom*, No. 4:10CV3177, and *Stejskal v. Laphen*, 8:10CV332 (D. Neb.) (hereinafter referred to collectively as the *Ray* case). *See, e.g., Ray*, No. 8:10CV199, Filing No. 129 Judgment, Filing No. 128, Memorandum and Final Order of Approval; Filing No. 102, Ex. 1, Settlement Agreement (hereinafter, "*Ray* Settlement"). In opposition to the defendants' motion, the plaintiff argues that the release does not extend to the defendants because they "were not specifically named as released parties" and further argues that the release does not apply to entities that are "independent of" TierOne. The plaintiff also contends that the release is ambiguous in that it releases claims against TierOne's accountants, not its auditors, and argues that the court should accordingly consider parol evidence of the parties' intent. He submits the affidavit of counsel stating that it was not the plaintiff's intent to release claims against the defendants in the settlement he entered into with TierOne officers and directors.

The defendants also assert that the plaintiff's complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6), fails to properly plead fraud with particularity under Fed. R. Civ. P. 9(b), fails to satisfy the heightened pleading standards of the PSLRA, and is barred by the statute of limitations. Because a finding that the release covers the defendants would render those contentions moot, the court will first address the release issue.

**I. FACTS**

The Stipulation of Settlement in the *Ray* case provides that, on the effective date of the settlement, all persons who purchased TierOne common stock between August 9, 2007, and May 14, 2013, and were damaged thereby, would "release and forever relinquish and discharge, and [would] forever be enjoined from prosecuting" any and all claims relating to the purchase of TierOne stock "against the Released Persons" and, further, would "expressly covenant not to assert any claim or action against any of the Released Persons" arising out of or related to the purchase or sale of TierOne stock. *Ray*, No. 8:10CV199, Filing No. 102, Ex. L, Stipulation of Settlement at 7, 11. The Stipulation of Settlement and Settlement Agreement approved in *Ray* defines "Released Persons" as:

> the Individual Defendants and all other former officers, directors, and employees of TierOne Bank or TierOne Corporation and any of their current, former, or future legal representatives, heirs, successors-in-interest, assigns, insurers, reinsurers, agents (acting in their capacity as agents), attorneys, trustees, advisors, accountants, associates, and/or any other individual or entity in which any Individual Defendant has or had a controlling interest or which is related to or affiliated with any Individual Defendant, all of which are intended third-party beneficiaries hereunder with standing to sue to enforce the rights and obligations set forth herein.

*Ray*, No 8:12CV199, Filing Nos. 102, Ex. 1, Stipulation of Settlement at 8-9; 128, Memorandum and Final Order of Approval; 129, Judgment; 102, Ex. A, Settlement at 8-9.

The claims released by the plaintiffs under the settlement are:

> "Released Claims" means any and all claims, duties, debts, demands, obligations, liabilities, rights, and causes of action of every kind, nature, and description whatsoever (including, but not limited to, claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether at law or in equity, whether class or individual in nature, whether or not mature, accrued, or ripe, including both known claims and Unknown Claims (as defined below)[3] (i) that have been asserted in the Action by the Lead Plaintiffs and/or Settlement Class Members against any of the Released Persons, including, without limitation, any claim arising out of or relating to TierOne's Allegedly False and Misleading Statements or any of the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in or relating to the Action, or otherwise alleged, asserted, or contended in the Action; or (ii) that could have been alleged, asserted, or contended in any forum by the Lead Plaintiffs and/or Settlement Class Members against any of the Released Persons if those claims arise out of or relate to the Allegedly False and Misleading Statements, or to conduct otherwise alleged, asserted, or contended in the Action; or (iii) that relate

[3] "Unknown Claims" are later defined as follows:

> "Unknown Claims" means (a) any Settled Claim that the Lead Plaintiffs, or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, and (b) any Released Defendants' Claims that any Individual Defendant does not know or expect to exist in his favor, which if known by him, might have affected his decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Filing No. 102, Ex. 1, Stipulation of Settlement at 10-11.

> to the purchase of TierOne common stock during the Settlement Class Period, including, without limitation, claims for fraud, negligent misrepresentation, or claims based upon or related in any way to the purchase, acquisition, or sale of TierOne stock by the Lead Plaintiffs or any Settlement Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns against the Released Persons or any of them during the class period.

*Id.* at 8. In turn, the defendants released "all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever" that "have been or could have been asserted in the Action by the Individual Defendants . . . against any of the Lead Plaintiffs, Settlement Class Members, or any of their attorneys" arising out of or relating to "the institution, prosecution, or Settlement of this Action or the Released Claims." *Id*. at 9. The notice provided to class members in *Ray* apprised the class that:

> Unless you exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all claims against the Individual Defendants and all other former officers, directors, and employees of TierOne Bank or TierOne Corporation and any of their current, former, or future legal representatives, heirs, successors-in-interest, assigns, insurers, reinsurers, agents (acting in their capacity as agents), attorneys, trustees, advisors, accountants, associates, and/or any other individual or entity in which any Individual Defendant has or had a controlling interest or which is related to or affiliated with any Individual Defendant ("Released Persons") in connection with your acquisition of TierOne Stock during the Class Period. . . . If you sign the claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any Released Person to recover losses from the purchase or sale of TierOne Stock during the Class Period, except to enforce the Settlement. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the purchase and sale of TierOne Stock during the Class Period.

*Ray*, Filing No. 102, Ex. A-1, Long Notice at 12; Filing No. 108, Ex. 1-a, Long Notice at 13.

The alleged wrongful conduct at issue in *Ray* was defendant officers' and directors' misrepresentation or omission of certain financial facts to the Bank's accountants and auditors—the defendants in this action—and ultimately to its stockholders. *See Ray*, No. 8:10CV199, Filing No. 82, Second Amended Consolidated Complaint at 4-5. The lead plaintiffs in *Ray,* one of whom is lead plaintiff herein, alleged that the defendant officers and directors, particularly the audit committee, reviewed and discussed with KPMG, *inter alia*, the audited financial statements and, particularly, "difficulties encountered in performing the audit." *Id.* at 9.

In preliminarily approving the settlement in *Ray*, this court found that "the proposed settlement is the product of extensive litigation and arm's-length negotiations conducted by experienced counsel and mediated by a retired federal judge." *Ray*, No. 8:10CV199, Filing No. 110, Memorandum and Order at 10. The court conducted two hearings on approval motions and carefully reviewed the parties' positions and submissions in connection with the settlement. *See id*., Filing No. 127, text minute entry; Filing No. 130, Transcript of Hearing on Motion for Final Approval of Settlement; Filing No. 107, text minute entry.

The plaintiff herein was one of those certified as lead plaintiffs in the *Ray* class action against the Bank and its management. The Rosen Law Firm, the same firm that represents the plaintiff herein, was approved as lead counsel in *Ray*. See Ray, No. 8:10CV199, Filing Nos. 21, 31.

The record reflects the following sequence of events: On January 15, 2009, the Office of Thrift Supervision took over TierOne bank. Filing No. 25, Amended Complaint at 30, Ex. 2, Supervisory Agreement. TierOne filed its 10-K for the fiscal year ending

December 31, 2008, including the allegedly fraudulent audit opinion, on March 13, 2009. Filing No. 25, Amended Complaint at 11. In October and November of 2009, TierOne restated its losses, causing its stock value to decline precipitously. *Id.* at 30-31. KPMG resigned as auditor for TierOne on April 26, 2010, withdrew its audit opinion and told investors not to rely on its 2008 audit. *Id.* at 28-29. On May 4, 2010, TierOne's stock on the NASDAQ was delisted. *Id.* at 34.

The original class action complaint was filed in the *Ray* case on May 20, 2010. *See Ray*, No. 8:10CV199, Filing No. 1, Complaint. On June 24, 2010, TierOne filed a Chapter 7 bankruptcy petition in bankruptcy court for the District of Nebraska. *Id*., Filing No. 11, Suggestion in Bankruptcy. On July 12, 2011, the OTS issued its audit report, entitled "Safety and Soundness: Material Loss Review of TierOne Bank." *Id*., Filing No. 82, Second Amended Consolidated Complaint at 5, Ex. 1, Audit Report.

The parties to the *Ray* litigation executed the Stipulation of Settlement on May 25, 2012. *Id.*, Filing No. 102, Ex. 1, Stipulation of Settlement at 29. On September 25, 2012, the SEC filed enforcement actions against the officers and/or directors of TierOne. *See SEC v. Lundstrom*, No. 8:12CV343, Filing No. 1 (D. Neb. Sept. 25, 2012); *SEC v. Langford*, No. 8:12CV344 (D. Neb. Sept. 25, 2012). On November 8, 2012, this court entered a Judgment and a Memorandum and Final Order of Approval of Settlement, incorporating the terms of the Stipulation of Settlement. *Ray*, No. 8:10CV199, Filing Nos. 129, 130. On January 9, 2013, the SEC issued an Order instituting administrative proceedings to determine whether defendants Aesoph and Bennett had repeatedly engaged in improper professional conduct during their year-end 2008 audit of TierOne Corporation. Filing No. 25, Amended Complaint at 15-17; Ex. 3,

*In re John J. Aesoph, CPA and Darren M. Bennett, CPA*, No. 3-15168 (the "SEC Action") Order. On January 14, 3013, the plaintiff filed the instant action, and filed an amended complaint on June 17, 2013. Filing No. 1, Complaint; Filing No. 25, Amended Complaint. On June 4, 2013, the OTS closed the Bank and the FDIC was named receiver. Filing No. 25, Amended Complaint at 7.

**II. LAW**

A settlement agreement is subject to the general principles of contract law. *Village of Memphis v. Frahm*, 287 Neb. 427, — N.W.2d —, —, 2014 WL 584793, *4 (Neb. Feb. 14, 2014). "The terms of a contract are to be accorded their plain and ordinary meaning as ordinary, average, or reasonable persons would understand them." *Crowley v. McCoy*, 449 N.W.2d 221, 225 (Neb. 1989). The general rule is that a release of a claim for relief should be upheld unless fraud, deceit, oppression, or unconscionable advantage is connected with the transaction. *Gonzalez v. Union Pacific R.R. Co.*, 803 N.W.2d 424, 435 (Neb. 2011). "One who seeks to avoid the legal effect of a release of a claim for damages has the burden of pleading and proving the facts which entitle such party to relief." *Id.* at 434; *but see Podraza*, 789 N.W.2d at 267 (stating that "one suing as a third-party beneficiary has the burden of showing that the provision was for his or her direct benefit" and "[u]nless one can sustain this burden, a purported third-party beneficiary will be deemed merely incidentally benefited and will not be permitted to recover on or enforce the agreement.")

Under Nebraska law, if the language used in the contract is unambiguous, "the intent of the parties must be gathered from the contents of the document alone." *Delicious Foods Co. v. Millard Warehouse, Inc.*, 507 N.W.2d 631, 639 (1993). The

parol evidence rule states that if negotiations between the parties result in an integrated agreement which is reduced to writing, then, in the absence of fraud, mistake, or ambiguity, the written agreement is the only competent evidence of the contract between them. *Podraza v. New Century Physicians of Neb., LLC*, 789 N.W.2d 260, 266 (Neb. 2010). This rule gives legal effect to the contracting parties' intention to make their writing a complete expression of the agreement that they reached, to the exclusion of all prior or contemporaneous negotiations. *Id.* The applicability of the parol evidence rule is a matter of law. *Id*. at 266.

"Different rules apply, however, when it is not a contracting party who seeks to rely on the legal presumption that the writing is a complete integration." *Id.* ("More particular rules have emerged for persons claiming to be third-party beneficiaries to release agreements."). As a matter of general contract law, Nebraska courts strictly construe "who has the right to enforce a contract as a third-party beneficiary." *Id.* at 267 ("In order for those not named as parties to recover under a contract as third-party beneficiaries, it must appear by express stipulation or by reasonable intendment that the rights and interest of such unnamed parties were contemplated and that provision was being made for them.").

Nebraska follows the intent rule for interpreting releases as to nonparty tortfeasors. *Id.* at 268. Under the intent rule, general releases that fail to specifically designate who is discharged either by name or by some other specific identifying terminology are inherently ambiguous, and the actual intent of the parties will govern. *Id.* Thus, if the definition of "Released Parties" in the agreement is a sufficiently specific designation, inquiry into the parties' actual intent is not warranted under the intent rule.

*Id.* at 269. "This element of specific identification is only met when the reference in the release is so particular that a stranger can readily identify the released party and his or her identity is not in doubt." *Id.* The intent to release a person who did not participate in the agreement or pay consideration must be clearly manifest. *Id.* (finding that identification of entities as "affiliated with" the settling entity "does not satisfy the level of specificity required for a third-party beneficiary to be able to rely solely on the four corners of the agreement," and noting "it presents too broad a category for a stranger to be able to easily identify to whom it refers").

## III. DISCUSSION

The court finds the language in the Settlement Agreement clearly and sufficiently specifies that the TierOne's accountants are covered by the release. Though they are not explicitly named, the parties used "specific identifying terminology" with reference to the defendants in the agreement. It is undisputed that defendants KPMG, Bennett and Aesoph were TierOne Bank's accountants at the time of the incidents at issue and were its former accountants at the time the parties executed the agreement. A stranger to the agreement could "readily identify the released party" by the description and "his or her identity is not in doubt."

The term "accountant" has a plain and ordinary meaning to ordinary, average, or reasonable persons. The fact that the defendants may have performed auditing functions does not take them outside the definition of an accountants. An auditor is one type of accountant, and auditing is one function performed by an accountant. Essentially, an auditor is a subset of the definitional universe covered by the term "accountant." Ordinary, reasonable people would not understand an auditor to refer to a

species completely separate from an accountant. The court finds that the release executed by the plaintiff herein and the defendants in *Ray* is not ambiguous and clearly and unequivocally releases TierOne's present and former accountants, *viz.*, the defendants herein, from any and all claims by the plaintiff relating to the purchase or sale of TierOne stock during the period at issue.

Moreover, the history of the *Ray* litigation shows that the accountants were alleged to have been closely involved with the alleged fraudulent activities at issue, whatever their culpability, and the accountants' conduct was within the purview, if not integral to, any settlement. This court's familiarity with the *Ray* litigation and settlement indicates that the parties contemplated a global settlement—a settlement of all of the outstanding issues between shareholder class members and TierOne with respect to shareholder losses. Notably, several insurers were signatories to the Stipulation of Settlement. See Ray, Filing No. 102, Ex. 1, Stipulation of Settlement at 29 *et seq*. (signature pages). This indicates to the court that the finality contemplated under the agreement would foreclose any eventual claims for contribution by the accountants against TierOne's directors and officers in the event of a finding of culpability on the part of the accountants. Any interpretation of the release that would exclude TierOne's accountants would expose TierOne's executives to the risk of additional liability for the claims released by the settling plaintiffs in *Ray* by way of an action for contribution, thus depriving them of the benefit of their bargain.

The court also rejects the plaintiff's contention that the Settlement Agreement contemplated only the release of entities under TierOne's control. The released parties also included TierOne's legal representatives, reinsurers, attorneys, trustees and

advisors, none of whom would necessarily be under the control of TierOne. In light of this disposition, the court need not address the defendants' other contentions. Accordingly,

IT IS ORDERED:

1. The defendants' motion to dismiss (Filing No. 26) is granted.

2. The defendants' motion for oral argument, Filing No. 34, is denied.

3. This action is dismissed.

4. A separate judgment in accordance with this Memorandum and Order will enter this date.

DATED this 11th day of March, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge